IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-03048-D

**Anthony Leak**,

    Plaintiff,

v.

**Paul G. Butler, Jr.**, *et al.*,

    Defendants.

**Order &
Memorandum & Recommendation**

Plaintiff Anthony Leak, a state inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 (D.E. 1). This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). For the following reasons, Leak's claims against Defendants Butler, Fowler, Rand, Wadsworth, Moody, and Forte ("Parole Commission defendants") will be allowed to proceed. However, the undersigned recommends that Leak's claims against defendants Purdue and McCrory be dismissed. Finally, Leak's request to bring this action as a class action is denied.

The PLRA requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

1

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Powell's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Leak was convicted of first degree rape on August 20, 1987 and was sentenced to life in prison. *See* N.C. Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0235771&searchOffenderId=0235771&listurl=pagelistoffendersearchresults&listpage=1 (last visited September 14, 2016). He was denied parole in 2014. Compl. at 2, D.E. 1.

In his Complaint, Leak contends that the policies and procedures adopted by the North Carolina Parole Commission ("Commission") violate his right to due process. *Id.* at 11. He seeks declaratory and injunctive relief. Specifically, he seeks an order directing the Commission to adopt "policies and procedures that [are] in compliance with the United States Constitution." *Id.* at 19. A civil rights complaint, rather than a habeas petition, is the proper vehicle for such a claim. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (ruling a challenge to state procedures denying parole could be brought under § 1983, because plaintiff would be entitled, at most, to a new parole hearing, not a reduced sentence); *see also Brown v. Johnson*, 169 F. App'x. 155, 157 (4th Cir. 2006) (unpublished) (noting that prisoner challenges to parole guidelines should

2

proceed under § 1983); *Overman v. Beck*, 186 F. App'x. 337, 338 (4th Cir. 2006) (unpublished) (Section 1983 is the appropriate cause of action for inmate challenges to "policies and procedures applicable to their parole reviews, [but] not the denial of parole itself"); *Tibbs v. Meehan*, No. CV JKB-15-3214, 2016 WL 2770517, at *1 (D. Md. May 12, 2016). Moreover, other courts in this district have addressed similar claims and determined that they survive PLRA screening. *See Jones v. McKay*, No. 5:12-CT-3213-BO (E.D.N.C. Aug. 12, 2013); *Jones v. Butler*, No. 5:14-CT-3142-D (E.D.N.C. Mar. 26, 2015); *Langley v. Butler*, No. 5:15-CT-3274-FL (E.D.N.C. May 27, 2016). Accordingly, Leak's claims against the Parole Commission Defendants shall be permitted to proceed.

However, Leak also names two governors, Patrick McCrory and Beverly E. Perdue, as defendants in this matter. The state governor plays no role in parole determinations. *See, e.g.*, N.C. Gen. Stat. § 15A-1371; *Harwood*, 326 N.C. at 240, 388 S.E.2d at 444. Thus, the undersigned recommends that the court dismiss Defendants McCrory and Perdue. *See Jones*, No. 5:14-CT-3142-D (E.D.N.C. Mar. 26, 2015), at 2.

Finally, Leak seeks to bring this action as a class action. Compl. at 6-10, D.E. 1. The Fourth Circuit Court of Appeals does not allow for certification of a class where a *pro se* litigant will act as a representative of that class because it is plain error for a pro se litigant to represent other inmates in a class action. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam); *see Bedell v. Angelone*, No. 2:01CV780, 2003 WL 24054709, * 2 (E.D. Va. Oct. 3, 2003), *aff'd*, 87 F. App'x 323 (4th Cir. Feb. 11, 2004). Accordingly, because Leak is proceeding *pro se*, he may not bring this action on behalf of other inmates in the form of a class action and his request to do so is denied. *See id.*

3

## Conclusion

As discussed above, the Court orders as follows:

1.  The court will allow Leak's claims against the Parole Commission Defendants to proceed.

2.  Leak's request to bring this action as a class action is denied.

3.  The Clerk of Court shall proceed with management of this action under the provisions of Standing Order 14-SO-02 regarding service of process upon current and former employees of the North Carolina Department of Public Safety.

4.  If service on the Defendants pursuant to the standing order fails, the court directs the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

Furthermore, the undersigned recommends that the district court dismiss Leak's claims against Defendants Perdue and McCrory.

The Clerk of Court shall serve a copy of this Order and Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plainitff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

4

Case 5:16-ct-03048-D   Document 12   Filed 11/04/16   Page 4 of 5

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: November 4, 2016

_____
Robert T. Numbers, II
United States Magistrate Judge