IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3048-D

ANTHONY LEAK, )
)
Plaintiff, )
)
v. ) **ORDER**
)
PAUL G. BUTLER, JR., et al., )
)
Defendants. )

On November 4, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 12]. In that M&R, Judge Numbers conducted a frivolity review of Anthony Leak's ("Leak") 42 U.S.C. § 1983 complaint. Judge Numbers recommended allowing Leak's claim against defendants Butler, Fowler, Rand, Wadsworth, Moody, and Forte to proceed, but also recommended that the court dismiss Leak's claims against defendants Beverly E. Purdue and Patrick McCrory. On December 12, 2016, Leak objected to the M&R [D.E. 15].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

Here, Leak's objections reiterate arguments stated in his complaint, and his objections do not meaningfully rebut Judge Numbers' recommendations. Compare M&R [D.E. 12] 3 with [D.E. 15]. Because Leak's boilerplate objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, Leak's objections lack merit. Leak was convicted of first degree rape on August 20, 1987 and was sentenced to life in prison. See N.C. Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0235771&search OffenderId=0235771&listurl=pagelistoffendersearchresults&listpage=1 (last visited March 27, 2017). In 2014, Leak was denied parole. Compl. [D.E. 1] 2. In his complaint, Leak claims that the policies and procedures of the North Carolina Parole Commission ("Commission") violate due process. Id. at 11. Leak seeks declaratory and injunctive relief. Specifically, he seeks an order directing the Commission to adopt "policies and procedures that [are] in compliance with the United States Constitution." Id. at 19.

A civil-rights complaint is the proper vehicle for such a claim. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Judge Numbers permitted Leak's claim to proceed against the proper defendants. See M&R 4. However, Leak also named two former governors, Patrick McCrory and Beverly E.

2

Purdue, as defendants in his complaint. Compl. 1. Judge Numbers properly recommended dismissing the former governors as defendants because the governor plays no role in parole determinations. See, e.g., N.C. Gen. Stat. § 15A-1371.

In sum, after reviewing the M&R, the record, and Leak's objections, the court is satisfied that there is no clear error on the face of the record. Accordingly, Leak's objections [D.E. 15] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 12]. Leak's claims against defendants Purdue and McCrory are DISMISSED. Leak may proceed with his claims against the remaining defendants. The clerk shall manage the action pursuant to Standing Order 14-SO-02. If service on any defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This 28 day of March 2017.

JAMES C. DEVER III
Chief United States District Judge