IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3048-D

ANTHONY LEAK,  )
 )
        Plaintiff,  )
 )
v.  )  **ORDER**
 )
PAUL G. BUTLER, JR., et al.,  )
 )
        Defendants.  )

On February 5, 2018, Magistrate Judge Numbers issued an Order and Memorandum and Recommendation ("Order and M&R") [D.E. 54] and denied Leak's pending motions, granted defendants' motion for a protective order, and recommended that the court deny Leak's motion for summary judgment [D.E. 35] and grant defendants' cross-motion for summary judgment [D.E. 48].[1] On February 21, 2018, Leak objected to the Order and M&R [D.E. 55]. Defendants did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes

---

[1] The first page of the Order and M&R erroneously states that the "court will grant Leak's motion for an extension of time." [D.E. 54] 1. The body of the order and the conclusion, however, deny Leak's motion for extension of time. See id. at 4, 10.

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (quotation and emphasis omitted).

The court has reviewed the M&R, the record, and Leak's objections. As for those portions of the M&R to which the parties made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which Leak objected. Leak's objections reiterate arguments stated in his complaint, and do not meaningfully rebut the M&R. Because Leak's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200-01; Orpiano, 687 F.2d at 47.

Alternatively, Leak's objections lack merit. Leak challenges the constitutionality of his parole determination and the North Carolina Parole Commission's policies and procedures. See [D.E. 55] 3–4. Leak also argues that North Carolina's amended parole statute violates the Ex Post Facto Clause. See id. at 2. Leak, however, received the requisite due process protections. See, e.g., Burnette v. Fahey, 687 F.3d 171, 180–81 (4th Cir. 2012); Vann v. Angelone, 73 F.3d 519, 521–22 (4th Cir. 1996); Jones v. Butler, No. 5:14-CT-3142-D, 2015 WL 12912029, at *3–4 (E.D.N.C. Dec. 15, 2015) (unpublished), aff'd, 654 F. App'x 137 (4th Cir. 2016) (per curiam) (unpublished); Leach v. Bell, No. 5:11-CT-3203-BO, 2012 WL 2374663, at *2 (E.D.N.C. June 22, 2012) (unpublished), aff'd, 490 F.

2

App'x 584 (4th Cir. 2012) (per curiam) (unpublished). Moreover, North Carolina's parole statute does not violate the Ex Post Facto Clause. See Hunt v. Rand, No. 5:10-CT-3139-FL, 2011 WL 3664340, at *1 n.1, *3 (E.D.N.C. Aug. 18, 2011) (unpublished), aff'd, 461 F. App'x 327 (4th Cir. 2012) (per curiam) (unpublished); Lane v. Baker, No. 5:05-CT-212-H, 2006 WL 4757285, at *2 (E.D.N.C. Sept. 12, 2006) (unpublished), aff'd, 223 F. App'x 290 (4th Cir. 2007) (per curiam) (unpublished). Thus, the court grants summary judgment to defendants.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 54], OVERRULES Leak's objections [D.E. 55], DENIES Leak's motion for summary judgment [D.E. 35], and GRANTS defendants' cross-motion for summary judgment [D.E. 48]. The clerk shall close the case.

SO ORDERED. This 26 day of February 2018.

JAMES C. DEVER III
Chief United States District Judge

3